IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DERRICK L. JOHNSON,

    Petitioner,   :   Case No. 3:15-cv-090

 - vs -          District Judge Walter Herbert Rice
              Magistrate Judge Michael R. Merz

JEFFREY LISATH, Warden,
 Pickaway Correctional Institution,
               :
    Respondent.

---

## REPORT AND RECOMMENDATIONS; ORDER DENYING APPOINTMENT OF COUNSEL AND EVIDENTIARY HEARING

  This habeas corpus case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

  The Petition reveals that Johnson was convicted of two counts of aggravated murder, one count of aggravated robbery, and one count of attempted aggravated murder, all counts carrying firearm specifications, in the Montgomery County Common Pleas Court in 1992 and sentenced to the term of imprisonment he is now serving (Petition, Doc. No. 1-1, PageID 12).

  28 U.S.C. § 2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

1

> judgment of a State court. The limitation period shall run from the latest of —
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing § 2254 Cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

When completing the timeliness section of the Petition, Mr. Johnson states:

> Petitioner's case presents substantial constitutional violations based on constitutional discovery issues, and the denial of court records. In addition to these issues, the factual back ground was not fully developed to Petitioner knowledge until after the decision was published in the case of *United States v. DeWitt*, 2004 U.S. Dist. Lexis 30523. The DeWitt case raises serious concerns of witness tampering or coaching as can be seen by the discrepancy in testimony by the surviving victim, Mr. Ralph Allen. Petitioner states that appointed appellate counsel Thomas Whiteside never provided petitioner with a copy of pretrial, trial, or sentencing transcripts, pursuant to rules of professional responsibility DR 2-110 (A)(2) it states that after employment a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, delivering to the client all papers

> and property to which the client is entitled. Petitioner states that Thomas Whiteside ignored his duty pursuant to DR 2- 110 (A)(2), because under the law counsel has a essential duty not to cause their clients to commit any procedural defaults by withholding essential documents, such as trial transcripts. A violation of DR- 110 (A)(2) is a prima facie showing of ineffectiveness of counsel.

(Doc. No. 5, PageID 90.) Assuming the truth of these allegations, Mr. Whiteside's failure to furnish transcripts in 1992 would not excuse a delay in filing of more than twenty years. And even assuming that something critical about this case was revealed in the opinion in *United States v. Dewitt*, 2004 U.S. Dist. LEXIS 30523 (S.D. Ohio Jan. 20, 2004), that decision was published more than eleven years ago.

It is therefore respectfully recommended that the Petition herein be dismissed with prejudice as barred by the statute of limitations. Petitioner's Motions for Appointment of Counsel (Doc. No. 2) and for an Evidentiary Hearing (Doc. No. 3) are denied as moot. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.
March 12, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen

days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).