IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DERRICK L. JOHNSON,

            Petitioner,      :      Case No. 3:15-cv-090

    - vs -                          District Judge Walter Herbert Rice
                                          Magistrate Judge Michael R. Merz

CHARLES BRADLEY[1], Warden,
 Pickaway Correctional Institution,
                                     :

            Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS

This is habeas corpus case is before the Court on Respondent's Motion to Dismiss the Petition as time-barred (ECF No. 28) and Petitioner's Memorandum in Opposition (ECF No. 34).

Petitioner Derrick Johnson was indicted by a Montgomery County grand jury on August 9, 1991, on two counts of aggravated murder, one count of aggravated robbery, one count of attempted aggravated murder, and one count of having weapons under disability; the first four counts had appended firearms specifications. A trial jury found Johnson guilty on the first four counts and the firearm specifications and Johnson was sentenced to the imprisonment term he is now serving in Respondent's custody. The crimes involved are the murders at 3600 Liberty-Ellerton Road on June 29, 1991, in which Cedric Sinkfield and Keith DeWitt, although tried separately, were co-defendants with Johnson.

Johnson appealed and pleaded one assignment of error, to wit, prosecutorial misconduct

---

[1] Mr. Bradley is the current Warden at Petitioner's place of confinement and is therefore substituted as Respondent in this case; the caption is amended as set forth above. Fed. R. Civ. P. 25.

1

in failing to advise the court, defense counsel, and the jury on numerous inconsistencies between the trial testimony of the victim of the attempted murder, Ralph Allen, and other statements made by Allen. The Second District Court of Appeals affirmed. *State v. Johnson*, 1993 WL 248136 (2nd Dist. July 7, 1993). Johnson failed to appeal to the Ohio Supreme Court; his last day to do so was August 21, 1993. For a state prisoner who does not seek review in a State's highest court, the conviction becomes final on the last day when such review could have been sought. *Gonzalez v. Thaler*, 565 U.S. 134 (2012).

The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") was enacted effective April 24, 1996, and provided for the first time a statute of limitations of one year for habeas corpus claims. Because there had not been a prior statute of limitations, the courts held that the statute began to run on the effective date for persons whose convictions had become final prior to that date and therefor expired one year later on April 24, 1997. The absence of such a grace period would have rendered the new statute of limitations unconstitutional as to any habeas claims which accrued before April 24, 1996. *Block v. North Dakota,* 461 U.S. 273, 286 at n. 23 (1983); *Texaco, Inc., v. Short,* 454 U.S. 516, 527 at n.21 (1982), *quoting Wilson v. Iseminger,* 185 U.S. 55 (1902); *Terry v. Anderson*, 95 U.S. 628 (1877); *Sohn v. Waterson*, 84 U.S. 596 (1873). Because Johnson's conviction was final before April 24, 1996, the statute expired on April 24, 1997, unless some event before that date to toll the statute. Johnson does not assert any such event occurred.

In addition to the date on which a state conviction becomes final, 28 U.S.C. 2244(d)(1) provides three alternative start dates for the statute which are

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In his Memorandum in Opposition, Johnson appears to claim the benefit of § 2244(d)(1)(D) by discussing the newly-discovered evidence he presented to the Montgomery County Court of Common Pleas in a motion for leave to file a delayed motion for new trial under Ohio R. Crim. P. 33 which he filed January 27, 2014. The trial court's denial of a new trial was affirmed by the Second District. In the new trial motion, Johnson

> claimed to have obtained newly-discovered evidence that undermined the validity of his 1992 convictions. The evidence consisted of April 2003 testimony by Ralph Allen in connection with a federal-court sentencing hearing for another defendant, Keith DeWitt. In his motion, Johnson argued that Allen's 2003 federal-court testimony demonstrated that Allen had committed perjury when testifying against Johnson in 1992. Specifically, Allen purportedly told the federal court that he had been in possession of eight kilograms of cocaine at the time of the home invasion, whereas Allen had denied being involved in drug dealing when he testified against Johnson. Second, Johnson asserted that the prosecutor in his criminal case had failed to disclose to defense counsel "rough notes and statements" from F.B.I. agents that proved he had nothing at all to do with the home-invasion robbery and shooting. Johnson argued that he had been unavoidably prevented from filing a new-trial motion within 120 days of the jury's verdict as required by Crim.R. 33.

*State v. Johnson,* 2016-Ohio-4888, 2016 WL 3655427, ¶ 3 (2d Dist. July 8, 2016). As the Second District pointed out, while Johnson could not have discovered Allen's 2003 federal court testimony within 120 days of his conviction, he offered no explanation of why he waited "nearly

3

11 years" after Allen's 2003 testimony to seek leave to file for a new trial. *Id.* at ¶ 11. In his Petition, Johnson claimed that he learned of Allen's 2003 federal court testimony upon the reporting of *United States v. Dewitt*, 2004 U.S. Dist. LEXIS 30523 (S.D. Ohio Jan. 20, 2004)(Petition, ECF No. 5, PageID 104). Assuming that Allen's federal court testimony constitutes newly-discovered evidence within the meaning of § 2244(d)(1)(D), Johnson has offered no explanation of why he waited more than twelve years to file his federal habeas petition after discovering that evidence.

Johnson argues he is entitled to equitable tolling of the statute. The one-year statute of limitations in 28 U.S.C. § 2244 is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 193 L. Ed. 2d 652(2016); *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), *quoting Holland*, 130 S. Ct. at 2562, *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe*, 136 S. Ct. at 756, citing *Holland* (emphasis sic). "Equitable tolling allows courts to review time-barred habeas petitions 'provided that a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012). Johnson simply has not offered any proof that he was prevented from filing in federal court from January 2004 until March 2015. He is therefore not entitled to equitable tolling for any of that period.

Johnson attempts to calculate his time to file as running from final denial of his second

state court motion for new trial. However, a motion for new trial is a collateral proceeding and not a part of direct review. A properly filed collateral attack on a judgment only tolls the statute of limitations; it does not restart it.

Johnson also claims the benefit of the actual innocence exception to the statute of limitations, relying on *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), where the Sixth Circuit held Congress enacted the statute of limitations in 28 U.S.C. § 2244(d)(1) "consistent with the *Schlup [v. Delo]* actual innocence exception." The *Souter* court also held:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo, 513 U.S. 298, 316 (1995).*" Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id*. at 321.

*Id.* at 590.

The controlling precedent on this point is now the Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013).

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the

5

statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.

\* \* \*

[A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.

*McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019, 1035 (2013).

The new evidence Johnson presents does not meet the standards of *Souter* and *Schlup v. Delo*. It is not reliable new eyewitness testimony. Instead, it is new evidence undermining the reliability of an eyewitness who did testify. It is not scientific or physical evidence at all.

**Evidentiary Hearing**

At numerous points in his Memorandum in Opposition, Johnson claims entitlement to expand the record with an evidentiary hearing. In *Cullen v. Pinholster,* 563 U.S. 170 (2011), the Supreme Court held that a federal court's review of a state court decision under 28 U.S.C. § 2254(d)(1) is strictly limited to "review of the state court record," and that evidence acquired through use of an evidentiary hearing may not be considered. *Id.* at 182. The Supreme Court further stated that section 2254(e)(2) only "continues to have force where Section 2254(d)(1) does not bar federal habeas relief." *Id.* at 185.

**Conclusion**

Johnson's Petition is barred by the statute of limitations and should therefore be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 8, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).