# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DERRICK L. JOHNSON,

                Petitioner,      :      Case No. 3:15-cv-090

    - vs -                            District Judge Walter Herbert Rice
                                      Magistrate Judge Michael R. Merz

CHARLES BRADLEY, Warden,
Pickaway Correctional Institution,

                                  :

                Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO VACATE

      This habeas corpus case is before the Court on Petitioner's Motion to Vacate and Reinstate Case Due to Lack of Service of the Magistrate Judge's Report and Recommendations (ECF No. 40).

      On September 8, 2017, the undersigned filed a Report and Recommendations recommending that the Petition herein be dismissed as barred by the AEDPA one-year statute of limitations (ECF No. 35). The Court's docket indicates that, as is standard practice, "[t]his document has been sent by regular mail to the party(ies) listed in the NEF [Notice of Electronic Filing] who did not receive electronic notification." The referenced NEF includes the notation

        3:15-cv-00090-WHR-MRM Notice has been delivered by other
        means to:

        Derrick L Johnson
        254-768
        PICKAWAY CORRECTIONAL INSTITUTION
        P.O. Box 209
        Orient, OH 43146

It is the regular practice of the Clerk to docket any returned mail, but there is no returned mail docket entry in this case. The address to which the NEF says the Report was mailed is Petitioner's address on file with the Clerk and entered on the docket. Prior and subsequent docket entries of Court-generated documents show the same method of service (See ECF Nos. 6, 9, 10, 12, 16, 18, 24, 36, 37, & 39).

In his instant Motion to Vacate and Reinstate, Johnson avers that he learned of the Report by viewing "the prison's law computer" and through the same means discovered the Report had been adopted (ECF No. 40, PageID 971). He does not say when this occurred. Previously on October 4, 2017, Johnson had filed a Motion to Compel Service of the Report (ECF No. 38). In denying that Motion, the Magistrate Judge furnished Johnson with a courtesy copy of the Report and advised him that he had until October 30, 2017, to file a motion to amend the judgment under Fed. R. Civ. P. 59(e). Such a motion could of course include any reasons why the Court's judgment was wrong. The instant Motion does not do that. It merely makes a claim of procedural right which is not supported by the docket.

It is therefore respectfully recommended that the Motion be DENIED without prejudice to the timely filing of a motion under Fed. R. Civ. P. 59(e) which includes any substantive objections Mr. Johnson has to the judgment. Petitioner is reminded again that the Court has no authority to extend that time.

October 13, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).