# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DERRICK L. JOHNSON,

                Petitioner,        :        Case No. 3:15-cv-090

    - vs -                           District Judge Walter Herbert Rice
                                       Magistrate Judge Michael R. Merz

CHARLES BRADLEY[1], Warden,
 Pickaway Correctional Institution,

                                             :

                Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO AMEND OR FOR RELIEF FROM JUDGMENT

This is habeas corpus case is before the Court on Petitioner's Motion to Amend the Judgment under Fed. R. Civ. P. 59(e) or, in the alternative, for Relief from Judgment under Fed. R. Civ. P. 60(b)(6)(ECF No. 43). Petitioner already has a pending Fed. R. Civ. P. 60(b) Motion (ECF No. 40) which the Magistrate Judge has recommended be denied (ECF No. 41).

On September 8, 2017, the Magistrate Judge filed a Report recommending that the Petition be dismissed as barred by the statute of limitations (ECF No. 35). The docket shows the Clerk sent this Report to Mr. Johnson by regular mail since he does not receive electronic notification, being incarcerated. The Court had received nothing in response, including any objections, by December 2, 2017, so the Court entered on October 2, 2017, the Decision (ECF No. 36) and Judgment (ECF No. 37) from which relief is now sought.

On October 4, 2017, the Court received Johnson's motion to Compel Service of the

---

[1] Mr. Bradley is the current Warden at Petitioner's place of confinement and is therefore substituted as Respondent in this case; the caption is amended as set forth above. Fed. R. Civ. P. 25.

1

Report with a certificate of service dated September 28, 2017 (ECF No. 38). While formally denying the Motion to Compel because the docket showed service, the Magistrate Judge denied the Motion to Compel, he directed the Clerk to furnish Johnson with a courtesy copy and advised him of his right to file a motion under Rule 59 by October 30, 2017. (ECF No. 39).

Johnson claims he is entitled to relief because "he was not properly served the ECF No. 35 Report and Recommendations **via certified U.S. Mail** in violation of Fed. R. Civ. P. 73(b) and 28 U.S.C. § 636(b)(1)C)." He claims to have discovered this on his institution's law computer. (ECF No. 45, PageID 980, emphasis added). However, neither Rule 72, nor Rule 73, nor the statute requires anything to be sent by certified mail. Fed. R. Civ. P. 72(b)(1) says that when a Magistrate Judge files a report and recommendations, "[t]he clerk must promptly mail a copy to each party." 28 U.S.C. § 636(b)(1)(C) provides that a copy of a Magistrate Judge's report "shall forthwith be mailed to all parties."

Mr. Johnson also adverts to the Magistrate Judge's October 13, 2017, Report on his prior Motion to Vacate (ECF No. 41). He notes that Report contains a list of docket entries which show service by regular mail, to wit ECF Nos. 6, 9, 10, 12, 16, 18, 24, 36, 37, & 39. Noting that the Report on the merits (ECF No. 35) is not in that list, he argues that proves it was not served. But he has pulled that list out of context. The October 13th Report explains how the September 8th Report was served, then says "[p]rior and subsequent docket entries show the same method of service." (ECF No. 41, PageID 973-74). The docket proves Mr. Johnson was properly served and therefore is not entitled to vacation or amendment of the judgment on the basis of lack of service.

Moreover, Mr. Johnson has still not attempted to show that the Court was in error in its statute of limitations decision. Accordingly it is respectfully recommended that the Motion to

Amend or Vacate be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 3, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).