IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DERRICK L. JOHNSON,

    Petitioner,

v.

CHARLES BRADLEY, Warden,
Pickaway Correctional
Institution,

    Respondent.

Case No. 3:15-cv-90

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ON MOTION TO VACATE (DOC. #41), REPORT AND RECOMMENDATIONS ON MOTION TO AMEND OR FROM RELIEF FROM JUDGMENT (DOC. #44), AND REPORT AND RECOMMENDATIONS ON RECOMMITTAL (DOC. #46); OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS. ##42 AND 51); OVERRULING PETITIONER'S MOTION TO VACATE AND REINSTATE CASE DUE TO LACK OF SERVICE OF THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[S] (DOC. #40); OVERRULING PETITIONER'S MOTION TO AMEND, OR IN THE ALTERNATIVE, FOR RELIEF FROM JUDGMENT UNDER FED. R. CIV. P. 59 AND 60 (DOC. #43); CASE TO REMAIN TERMINATED ON DOCKET

---

On October 2, 2017, the Court issued a Decision and Entry Adopting Magistrate Judge Merz's September 8, 2017, Report and Recommendations, and sustaining Respondent's Motion to Dismiss the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Docs. ##35, 36. The Court noted that no Objections had been filed. Moreover, the Petition was "extremely untimely" and Petitioner had failed to show that equitable tolling was warranted or that the "actual

innocence" exception applied. Doc. #36. Judgment was entered in favor of Respondent and against Petitioner. Doc. #37.

Petitioner then filed a Motion to Compel Service of the September 8, 2017, Report and Recommendations, claiming that he was not properly served with a copy. Doc. #38.[1] That motion was denied as not credible. Doc. #39.

On October 12, 2017, Petitioner filed a Motion to Vacate and Reinstate Case Due to Lack of Service of the Magistrate Judge's Report & Recommendation[s]. Doc. #40. The following day, Magistrate Judge Merz issued a Report and Recommendations on Motion to Vacate, noting that no mail had been returned to the Court, and that "[p]rior and subsequent docket entries of Court-generated documents show the same method of service (See ECF Nos. 6, 9, 10, 12, 16, 18, 24, 36, 37, & 39)." He also noted that the motion did not include any substantive reasons why Petitioner believed that the judgment was wrong. He recommended that the Court deny the motion "without prejudice to the timely filing of a motion under Fed. R. Civ. P. 59(e) which includes any substantive objections Mr. Johnson has to the judgment." Doc. #41.

On November 2, 2017, Petitioner filed Objections to the October 13, 2017, Report and Recommendations, pointing out that the September 8, 2017, Report and Recommendations (ECF #35) were not included on the list of Court-generated

---

[1] Petitioner maintains that he learned of the Report and Recommendations while reviewing his docket on the computer in the prison library.

2

documents cited by Magistrate Judge Merz. Doc. #42. The Court recommitted this issue to Magistrate Judge Merz. Doc. #45.

On November 2, 2017, Petitioner also filed a Motion to Amend, or in the Alternative, for Relief from Judgment Under Fed. R. Civ. P. 59(e)(3) and 60(b)(6), again arguing only that he had not received a copy of the September 8, 2017, Report and Recommendations "via certified U.S. Mail," and that this document was not included on the list cited by Magistrate Judge Merz. Doc. #43.

On November 3, 2017, Magistrate Judge Merz issued a Report and Recommendations on Motion to Amend or for Relief from Judgment. He first noted that Petitioner is not entitled to service via certified mail. He rejected Petitioner's argument that, because the September 8, 2017, Report and Recommendations (Doc. #35) was not included on the list of court documents that had been mailed to him, this proved that he had not been served. He explained that Document #35 had been served in the same way as many "[p]rior and subsequent" documents, as listed in the Report and Recommendations. Moreover, Magistrate Judge Merz noted that Petitioner had advanced no substantive reason why the Petition should not have been dismissed as untimely. He therefore recommended that the Court deny the Motion to Amend or for Relief from Judgment. Doc. #44.

On November 8, 2017, Magistrate Judge Merz issued a Report and Recommendations on Recommittal. Doc. #46. Noting that the issues raised by Petitioner in his Objections, Doc. #42, to the October 13, 2017, Report and

Recommendations, Doc. #41, were identical to the issues raised in the Motion to Amend or for Relief from Judgment, Magistrate Judge Merz found that no further analysis was needed. He again recommended that the Court deny the Motion to Vacate.

The Court granted Petitioner's request for additional time to file Objections to the November 3, 2017, Report and Recommendations. Docs. ##47, 48. On December 11, 2017, Petitioner filed Objections to the Magistrate Judge's November 3, 2017, Report and Recommendations and November 8, 2017, Recommittal. Doc. #51.

Petitioner raises three Objections. He first argues that the October 2, 2017, Judgment should be vacated so that he can file Objections to the September 8, 2017, Report and Recommendations. He next argues that Magistrate Judge Merz abused his discretion in finding that Petitioner was, in fact, served with a copy of the Report and Recommendations. He maintains that there is no proof of service, and the docket entry shows that he was *not* served by U.S. mail. Finally, Petitioner argues that Magistrate Judge Merz abused his discretion by attempting to cure the denial of his right to file Objections to the September 8, 2017, Report and Recommendations, by suggesting that he file a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).

Upon a thorough *de novo* review of the Court's file and the applicable law, the Court OVERRULES Petitioner's Objections to the October 13, 2017, Report and Recommendations, Doc. #42, and Petitioner's Objections to the Magistrate

4

Judge's November 3, 2017, Report and Recommendation[s] and November 8, 2017, Recommittal, Doc. #51.

The Court's docket shows that the September 8, 2017, Report and Recommendations were sent by regular mail to Petitioner at Pickaway Correctional Institution, P.O. Box 209, Orient, OH 43146. This mail was not returned to the Court as undeliverable, creating the rebuttable presumption that it was received. Petitioner submits an unsworn note from "NB" stating that the only legal mail Petitioner received in September of 2017, was logged on September 7, 2017. Doc. #51, PageID#999. Petitioner points out that this was the day *before* the Report and Recommendations were issued.

The unsworn note submitted by Petitioner, however, is insufficient to overcome the presumption that mail sent to the last known address and not returned was received. *See, e.g., Mecaj v. Mukasey*, 263 F. App'x 449, 451 (6th Cir. 2008). As Magistrate Judge Merz noted, numerous documents sent by regular mail to the same address, both before and after September 8, 2017, were delivered to Petitioner. Accordingly, there is no basis to vacate the October 2, 2017, Judgment based on the alleged failure to serve Petitioner with a copy of the September 8, 2017, Report and Recommendations.

As Magistrate Judge Merz properly noted, because Judgment had already been entered, Petitioner could no longer file Objections, but he could file a Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e), raising any substantive Objections that he had to the Judgment. Citing *Hurst v. Fannie Mae*,

5

642 F. App'x 533 (6th Cir. 2016), Petitioner argues that he is prejudiced by having to raise substantive arguments in a Rule 59(e) motion instead of through Objections to the Report and Recommendations. He notes that, in *Hurst*, the Sixth Circuit stated that Rule 59 motions cannot be used "to raise arguments which could, and should, have been made before judgment issued." *Id.* at 541.

The Court rejects Petitioner's claim of prejudice. Notably, although he filed a Rule 59(e) motion, he simply reiterated his arguments concerning the alleged failure to serve him with the September 8, 2017, Report and Recommendations. He has yet to raise a single, substantive Objection to the Court's decision to dismiss his Petition as "extremely untimely." If Petitioner had raised substantive Objections to the Judgment, and the Court found it necessary to alter or amend the Judgment in order to prevent manifest injustice, the Court would have authority to do so under Rule 59(e). *See GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (noting the circumstances under which a court may grant a Rule 59(e) motion).

Based on the reasoning and citations of authority set forth by United States Magistrate Judge Michael R. Merz, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS Magistrate Judge Merz's Report and Recommendations on Motion to Vacate (Doc. #41), Report and Recommendations on Motion to Amend or for Relief from Judgment (Doc. #44), and Report and Recommendations on Recommittal (Doc. #46). The Court OVERRULES Petitioner's Objections thereto (Docs. ##42, 51).

6

The Court OVERRULES WITH PREJUDICE Petitioner's Motion to Vacate and Reinstate Case Due to Lack of Service of the Magistrate Judge's Report and Recommendation[s] (Doc. #40), and Petitioner's Motion to Amend, or in the Alternative, for Relief from Judgment under Fed. R. Civ. P. 59 and 60 (Doc. #43).

The above-captioned case shall remain terminated on the Court's docket.

Date: December 18, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE