**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

DERRICK L. JOHNSON,

            Petitioner,    :    Case No. 3:15-cv-090

  - vs -                            District Judge Walter Herbert Rice
                                    Magistrate Judge Michael R. Merz

CHARLES BRADLEY, Warden,
 Pickaway Correctional Institution,

                                           :

           Respondent.

## REPORT AND RECOMMENDATIONS ON APPLICATION FOR CERTIFICATE OF APPEALABILITY

This is habeas corpus case is before the Court on Petitioner's Application for a Certificate of Appealability regarding the District Court's Decision of December 18, 2017 (ECF No. 52) denying Petitioner's Motions to Vacate (ECF No. 40) and for relief from judgment (ECF No. 43). Although Johnson never appealed the judgment on the merits, he has appealed from the denial of his post-judgment motions (ECF No. 53). Because this is a habeas corpus case, Johnson is correct that he needs a certificate of appealability, even though he is appealing from denial of a motion for relief from judgment, rather than on the merits. *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010).

The standard for a certificate of appealability from denial of a Rule 60 motion is the same standard applied on appeal on the merits: a petitioner must demonstrate that jurists of reason could debate whether the motion should have been resolved in a different manner. *Jones v. Warden, Ross Corr. Inst.*, 2017 U.S. App. LEXIS 24542 (6th Cir. Dec. 4, 2017), denying a certificate of appealability on the same basis as this Court had denied a certificate. *Jones v. Warden, Ross Corr.*

*Inst.,* 2017 U.S. Dist. LEXIS 65360 (S.D. Ohio Apr. 28, 2017).

Johnson Motion to Vacate (ECF No. 40) was grounded in his assertion that he was never served with a copy of the Magistrate Judge's Report and Recommendations of September 8, 2017, which recommended dismissal of the Petition with prejudice as barred by the statute of limitations. The Magistrate Judge investigated that claim and found that the Clerk had notated the docket to show service was made on Johnson by regular mail in the same manner as ten other court filings in the case and in accordance with standard practice and that the Court had never received any returned mail in the case (Report, ECF No. 41). In his later Motion to Amend the Judgment or for Relief from Judgment, Johnson asserted that the list of ten court filings that were mailed did not include the September 8, 2017, Report (ECF No. 43 at PageID 980). In the meantime, the Magistrate Judge provided Johnson with another copy of the Report and Recommendations on the merits suggested that he raise his objections on the merits by way of a motion to amend under Fed. R. Civ. P. 59(e).

When District Judge Rice denied the Motion to Vacate and the Motion to Amend, he found as a matter of fact that the September 7, 2017, Report had been served on Johnson (Decision, ECF No. 52, PageID 1004). He also found that Johnson was not prejudiced by being offered a chance to raise his substantive objections in a Fed. R. Civ. P. 59 motion because the Court would have had authority to grant such a motion. *Id.* at PageID 1005, citing *GenCorp, Inc., v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 19998). He also found that Johnson "has yet to raise a single substantive Objection to the Court's decision to dismiss his Petition as 'extremely untimely'." *Id.*

In arguing for a certificate of appealability, Johnson asserts again he was not served and says the Magistrate Judge "claims the Clerk mailed [the Report] with absolutely no proof or

2

corroboration of such." That's just not so. Corroboration is shown by (1) the Clerk's docket notation of mailing, which is a contemporaneous record of a regularly conducted activity which would be admissible as non-hearsay under Fed. R. Evid. 801(6); (2) the absence of any record of mail sent to the Petitioner by the same method being returned undelivered, which would be admissible as non-hearsay under Fed. R. Evid. 801(7). The only evidence of non-receipt is Johnson's statement that he did not receive it. Johnson claims that the Magistrate Judge's sending a courtesy copy proves the Magistrate Judge is trying to cover up a mistake. On the contrary, the extra copy was sent to enable Johnson to include substantive objections in his Rule 59 motion, which he did not do. Reasonable jurists would not debate Judge Rice's conclusion that Johnson was properly served.

Johnson appears to believe it is debatable among reasonable jurists that he could have raised his substantive objections in the Rule 59(e) motion. He relies on case authority which says that Rule 59(e) motions cannot be used to raise arguments which could and should have been made before judgment. But that is precisely the point: if, as he claims, Johnson did not know about the Report and Recommendations in time to file objections, any arguments he would have made (which have still not been revealed) are not arguments he should have made before judgment because he could not have done so. Reasonable jurists would not debate Judge Rice's conclusion that he would have had authority to rule on Johnson's substantive claims if they had been made in the Rule 59(e) motion.

**Conclusion**

Johnson has not shown that reasonable jurists would disagree with the conclusions reached by Judge Rice in the Decision and Entry appealed from. Petitioner should therefore be DENIED a certificate of appealability.

February 13, 2018.

                      s/ *Michael R. Merz*
                      United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).