# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DERRICK L. JOHNSON,

        Petitioner,    :    Case No. 3:15-cv-090

  - vs -        District Judge Walter Herbert Rice
        Magistrate Judge Michael R. Merz

CHARLES BRADLEY, Warden,
 Pickaway Correctional Institution,

        :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment Pursuant to Civil Rule 60(b)(1)(ECF No. 62). As a post-judgment motion, it is deemed referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636(b)(3).

**Procedural History**

Petitioner Derrick Johnson was indicted by a Montgomery County grand jury on August 9, 1991, on two counts of aggravated murder, one count of aggravated robbery, one count of attempted aggravated murder, and one count of having weapons while under disability; the first four counts had appended firearms specifications. A trial jury found Johnson guilty on the first four counts and the firearm specifications and Johnson was sentenced to the imprisonment term he is now serving in Respondent's custody. The crimes involved are the murders at 3600 Liberty-

1

Ellerton Road on June 29, 1991, in which Cedric Sinkfield and Keith DeWitt, although tried separately, were co-defendants with Johnson.

Johnson appealed and pleaded one assignment of error, to wit, prosecutorial misconduct in failing to advise the court, defense counsel, and the jury on numerous inconsistencies between the trial testimony of the victim of the attempted murder, Ralph Allen, and other statements made by Allen. The Second District Court of Appeals affirmed. *State v. Johnson*, 1993 WL 248136 (2nd Dist. July 7, 1993). Johnson failed to appeal to the Ohio Supreme Court; his last day to do so was August 21, 1993. For a state prisoner who does not seek review in a State's highest court, the conviction becomes final on the last day when such review could have been sought. *Gonzalez v. Thaler*, 565 U.S. 134 (2012).

Based on this state of the facts, Respondent moved to dismiss the Petition as barred by the statute of limitations (ECF No. 28). In opposition, Johnson claimed the benefit of a late-discovered factual predicate for his claim under 28 U.S.C. § 2244(d)(1)(D), equitable tolling, and actual innocence (ECF No. 34). The Magistrate Judge recommended dismissing the Petition with prejudice, concluding those excuses for late filing were not substantiated (Report and Recommendations, ECF No. 35). Johnson did not timely object and Judge Rice adopted the Report (ECF No. 36, 37). A number of filings followed relating to Petitioner's clai he had not been properly served with the Report and Recommendations of September 8, 2017 (ECF Nos. 38, 40, 41, 42, 43, 44, 45, 46, 47, 49, 50, 51). Ultimately Judge Rice denied Johnson's efforts to reopen the judgment (ECF No. 52) and denied a certificate of appealability (ECF No. 60). In the meantime Johnson had appealed to the Sixth Circuit (Notice of Appeal, ECF No. 53) and sought a certificate of appealability from that court. The Sixth Circuit also denied a certificate of appealability. *Johnson v. Warden*, Case No. 18-3007 (6th Cir. May 23, 2018)(unreported; copy at ECF No. 61).

The instant Motion followed on August 8, 2018.

# Analysis

Petitioner brings his Motion under Fed. R. Civ. P. 60(b)(1) which provides "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;" Johnson claims this Court made a mistake in its calculation of the statute of limitations and that that mistake can be remedied under Fed. R. Civ. P. 60(b)(1).

The Magistrate Judge agrees that a mistake such as Johnson claims can be addressed under Fed. R. Civ. P. 60(b)(1) and that the Motion is therefore not a second or successive habeas corpus application. *Gonzalez v. Crosby,* 545 U.S. 524 (2005). The Motion seeks relief from the Judgment of October 2, 2017, and is therefore timely within the limits set by Fed. R. Civ. P. 60(c).

In the Motion Johnson repeatedly refers to his "second motion for leave of court to file a delayed motion for new trial pursuant to [Ohio] Crim. Rule 33(A)(6)" which he says was filed June 19, 2015, in Montgomery County Court of Common Pleas Case No. 91-CR-1751 to seek relief based on claims made under *Brady v. Maryland*, 373 U.S. 83 (1963)(hereinafter "Second New Trial Motion").

The Second New Trial Motion is part of the record in this case (State Court Record, ECF No. 27, PageID 549, et seq.) In it Johnson seeks relief on the basis of prosecutorial misconduct of presenting at his trial the perjured testimony of Ralph Allen. Judge Mary Wiseman, to whom the Common Pleas case was assigned, denied Johnson leave to file his Second Motion for New Trial (Entry, State Court Record 27, PageID 587, et seq.). She found that the newly discovered evidence

3

on which Johnson relied had been disclosed by Allen in this Court on April 29, 2003, in a sentencing hearing in *U.S. v. Keith Dewitt*, Case No. CR-3-98-91.[1] *Id.* at PageID 590. Judge Wiseman found that the attachments to the Second New Trial Motion were newly discovered evidence and could not have been presented within the 120 day time limit usually provided for such motion because Allen's testimony did not come into existence until 2003. *Id.* at PageID 595. However, she denied the Motion because she found "the proffered subsequent testimony of trial witness Allen is inadequate as a matter of law to demonstrate a 'strong probability' that Defendant was prejudiced or denied a fair trial." *Id.* at PageID 595. Johnson appealed and the Second District Court of Appeals affirmed on July 8, 2016 (Opinion, State Court Record, ECF No. 27-1, PageID 791, et seq.) The Ohio Supreme Court declined appellate jurisdiction on December 28, 2016 (Entry, State Court Record, ECF No. 27-1, PageID 855).

Johnson reasons that he had ninety days after that to file for certiorari in the United States Supreme Court, a period which ended on March 28, 2017. Presuming the statute of limitations began to run that day, it would have expired March 28, 2018, and Johnson had already filed his habeas petition well before that. (Motion, ECF No. 62, PageID 1052). Cases become final on direct review when certiorari is denied or when the time to file a petition for certiorari expires. *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000); *Smith v. Bowersox*, 159 F.3d 345 (8th Cir. 1998); *see also Clay v. United States*, 537 U.S. 522 (2003)(as to § 2255), *Lawrence v. Florida*, 549 U.S. 327 (2007).

However, a petition for certiorari in March 2017 to review the Ohio Supreme Court decision in December 2016 would not have been on direct review. Johnson's conviction was final on direct review under 28 U.S.C. § 244(d)(1)(A) on August 21, 1993, the last day on which he

---

[1] Based on this Court's change to electronic filing, the case is now numbered 3:98-cr-091.

could have appealed to the Ohio Supreme Court from affirmance of his conviction by the Second District. Johnson's Petition was not timely under § 2244(d)(1)(A).

Although his Second New Trial Motion was "properly filed," as Judge Wiseman concluded, such a collateral attack only tolls the statute under § 2244(d)(2), it does not restart the statute. Because the statute of limitations had already expired in 1993, Johnson's "properly filed" Second New Trial Motion had no impact on it.

Johnson also appears to claim his Petition was timely under 28 U.S.C. § 2244(d)(1)(D) because it was promptly brought after he discovered the factual predicate of the claim, Ralph Allen's testimony at Keith Dewitt's federal sentencing in April 2003. Johnson claims he did not actually discover that testimony until his appellate attorney, Charles W. Slicer, III, discovered it in the transcript of that hearing after Slicer was appointed on November 14, 2014 (Motion, ECF No. 62, PageID 1043).

This theory was presented to the Sixth Circuit in Johnson's application for a certificate of appealability and that court rejected it as follows:

> Reasonable jurists could not disagree with the district court's conclusion that Johnson's § 2254 petition was untimely. A one-year limitations period applies to federal habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1); *Holbrook v. Curtin,* 833 F.3d 612, 615 (6th Cir. 2016), cert. denied, 137 S. Ct. 1436 (2017). This limitations period runs from the latest of four dates—for Johnson, the relevant one is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." See § 2244(d)(1)(D).
>
> Johnson did not comply with the § 2244(d) statute of limitations for filing his § 2254 petition. Johnson maintains that all of the claims in his habeas petition are based on newly discovered evidence. At Johnson's trial, the victim of the attempted murder, Ralph Allen, denied any involvement in drug dealing at the time of the home invasion that resulted in the robbery, murders, and Allen's attempted murder. However, in subsequent federal court proceedings involving Johnson's co-defendant, Keith DeWitt, Allen admitted his

5

> participation in drug dealing from the house at the time of the invasion. Johnson acknowledges that he became aware of Allen's admission of prior false testimony when the district court published its 2004 decision in the *DeWitt* case. See *United States v. DeWitt*, No. 3:98-cr-00081 (S.D. Ohio Jan. 20, 2004). Despite this knowledge, Johnson waited until 2015 to file his § 2254 petition, and he offers no reason for this extensive delay.

*Johnson v. Warden, supra*, in copy at PageID 1038-39. Thus the Sixth Circuit has decided that Johnson has not shown due diligence in presenting his claim about Allen's testimony since he knew of it in 2004. The fact that he had more complete evidence of it from his attorney's exploration of this Court's file in the Dewitt case did not restart the statute of limitations.

Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F 3d 1419, 1421 (6th Cir. 1994), *citing United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993).

> The doctrine of law of the case provides that the courts should not "reconsider a matter once resolved in a continuing proceeding." 18B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS § 4478 (4th ed. 2015). "The purpose of the law-of-the-case doctrine is to ensure that 'the *same* issue presented a second time in the *same case* in the *same court* should lead to the *same result*.'" *Sherley v. Sebelius*, 689 F.3d 776, 780, 402 U.S. App. D.C. 178 (D.C. Cir. 2012) (quoting *LaShawn A. v. Barry*, 87 F.3d 1389, 1393, 318 U.S. App. D.C. 380 (D.C. Cir. 1996)). For a prior decision to control, the prior tribunal must have actually decided the issue. WRIGHT ET AL., *supra*, § 4478. "A position that has been assumed without decision for purposes of resolving another issue is not the law of the case." *Id.* "An alternate holding, however, does establish the law of the case." *Id.* Unlike claim preclusion, the law of the case does not apply to issues that a party could have raised, but did not. *Id.* The law-of-the-case doctrine is a prudential practice; a court may revisit earlier issues, but should decline to do so to encourage efficient litigation and deter "indefatigable diehards." *Id.*

*Howe v. City of Akron,* 801 F.3d 718, 739-740 (6th Cir. 2015).

A decision on a certificate of appealability creates law of the case which must be followed in subsequent stages of the litigation. *Dillingham v. Jenkins,* Case No. 17-3813 (6th Cir. Nov. 8,2017)(unreported; copy at ECF No. 65 in 3:13-cv-468), citing *Moore v. Mitchell,* 848 F.3d 774, 776 (6th Cir. 2017). The Sixth Circuit's decision that Johnson's current theory of when he discovered the factual predicate of his claim would not make the statute of limitations issue "debatable among jurists of reason" is conclusive.

**Conclusion**

Johnson has not shown this Court's prior calculation of the statute of limitations date was mistaken. His Motion for Relief from judgment should therefore be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 9, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).