# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DERRICK L. JOHNSON,

        Petitioner,    :    Case No. 3:15-cv-090

 - vs -         District Judge Walter Herbert Rice
                                 Magistrate Judge Michael R. Merz

CHARLES BRADLEY, Warden,
Pickaway Correctional Institution,

                                  :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 65) to the Magistrate Judge's Report and Recommendations (ECF No. 63) recommending Petitioner's Motion for Relief from Judgment Pursuant to Civil Rule 60(b)(1)(ECF No. 62) be denied. Judge Rice has recommitted the matter for reconsideration in light of the Objections (ECF No. 66).

**Procedural History**

Petitioner Derrick Johnson was indicted by a Montgomery County grand jury on August 9, 1991, on two counts of aggravated murder, one count of aggravated robbery, one count of attempted aggravated murder, and one count of having weapons while under disability; the first four counts had appended firearms specifications. A trial jury found Johnson guilty on the first four counts and the firearm specifications and Johnson was sentenced to the imprisonment term

1

he is now serving in Respondent's custody. The crimes involved are the murders at 3600 Liberty-Ellerton Road on June 29, 1991, in which Cedric Sinkfield and Keith DeWitt, although tried separately, were co-defendants with Johnson. The procedural history of the case, to which Johnson does not object, is set forth in the Report (ECF No. 63, PageID 1059-61).

## Analysis

Johnson's Motion was brought under Fed. R. Civ. P. 60(b)(1); he claims this Court made a mistake in its calculation of the statute of limitations.

In the Motion Johnson repeatedly refers to his "second motion for leave of court to file a delayed motion for new trial pursuant to [Ohio] Crim. Rule 33(A)(6)" which he says was filed June 19, 2015, in Montgomery County Court of Common Pleas Case No. 91-CR-1751 to seek relief based on claims made under *Brady v. Maryland*, 373 U.S. 83 (1963)(hereinafter "Second New Trial Motion").

The Second New Trial Motion is part of the record in this case (State Court Record, ECF No. 27, PageID 549, et seq.) In it Johnson sought relief in the Common Pleas Court of Montgomery County on the basis of prosecutorial misconduct of presenting at his trial the allegedly perjured testimony of Ralph Allen. Judge Mary Wiseman, to whom the Common Pleas case was assigned, denied Johnson leave to file his Second Motion for New Trial (Entry, State Court Record 27, PageID 587, et seq.). She found that the newly discovered evidence on which Johnson relied had been disclosed by Allen in this Court on April 29, 2003, in a sentencing hearing in *U.S. v. Keith Dewitt*, Case No. CR-3-98-91.[1] *Id.* at PageID 590. Judge Wiseman found that the

---

[1] Based on this Court's change to electronic filing, the case is now numbered 3:98-cr-091.

attachments to the Second New Trial Motion were newly discovered evidence and could not have been presented within the 120 day time limit usually provided for such motion because Allen's testimony did not come into existence until 2003. *Id.* at PageID 595. However, she denied the Motion because she found "the proffered subsequent testimony of trial witness Allen is inadequate as a matter of law to demonstrate a 'strong probability' that Defendant was prejudiced or denied a fair trial." *Id.* at PageID 595. Johnson appealed and the Second District Court of Appeals affirmed on July 8, 2016 (Opinion, State Court Record, ECF No. 27-1, PageID 791, et seq.) The Ohio Supreme Court declined appellate jurisdiction on December 28, 2016 (Entry, State Court Record, ECF No. 27-1, PageID 855).

Johnson initially argued the statute of limitations began to run March 28, 2017, the last date on which he could have sought certiorari from the United States Supreme Court ninety days after that to file for certiorari in the United States Supreme Court, a period which ended on March 28, 2017. If that had been correct, his habeas petition would have been timely. However, the Report reasoned that a new trial motion is a collateral attack on a judgment, not part of direct review, and therefore did not start the statute of limitations running anew.

Johnson also claimed his Petition was timely under 28 U.S.C. § 2244(d)(1)(D) because it was promptly brought after he discovered the factual predicate of the claim, Ralph Allen's testimony at Keith Dewitt's federal sentencing in April 2003. Johnson claims he did not actually discover that testimony until his appellate attorney, Charles W. Slicer, III, discovered it in the transcript of that hearing after Slicer was appointed on November 14, 2014 (Motion, ECF No. 62, PageID 1043).

This theory was presented to the Sixth Circuit in Johnson's application for a certificate of appealability from judgment and that court rejected it as follows:

3

> Reasonable jurists could not disagree with the district court's conclusion that Johnson's § 2254 petition was untimely. A one-year limitations period applies to federal habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1); *Holbrook v. Curtin,* 833 F.3d 612, 615 (6th Cir. 2016), cert. denied, 137 S. Ct. 1436 (2017). This limitations period runs from the latest of four dates—for Johnson, the relevant one is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." See § 2244(d)(1)(D).
>
> Johnson did not comply with the § 2244(d) statute of limitations for filing his § 2254 petition. Johnson maintains that all of the claims in his habeas petition are based on newly discovered evidence. At Johnson's trial, the victim of the attempted murder, Ralph Allen, denied any involvement in drug dealing at the time of the home invasion that resulted in the robbery, murders, and Allen's attempted murder. However, in subsequent federal court proceedings involving Johnson's co-defendant, Keith DeWitt, Allen admitted his participation in drug dealing from the house at the time of the invasion. Johnson acknowledges that he became aware of Allen's admission of prior false testimony when the district court published its 2004 decision in the *DeWitt* case. See *United States v. DeWitt,* No. 3:98-cr-00081 (S.D. Ohio Jan. 20, 2004). Despite this knowledge, Johnson waited until 2015 to file his § 2254 petition, and he offers no reason for this extensive delay.

*Johnson v. Warden, supra*, in copy at PageID 1038-39. Because the Sixth Circuit had already decided that Johnson had not shown due diligence in presenting his claim about Allen's testimony, the Report concluded that argument was barred by the law of the case doctrine (Report, ECF No. PageID 1063-65).

Johnson first objects that the law of the case doctrine should not apply here because his first and second new trial motions are separate "actions." (Objections, ECF No. 65, PageID 1079). The authority that he cites, 18B Wright, Miller, and Cooper § 4478, speaks about separate actions in the sense of separate cases. This is not a separate case from the case in which the Sixth Circuit made that ruling: it is the same habeas corpus case directed to the same state court conviction.

Johnson's next objection is that he has shown entitlement to equitable tolling of the statute

of limitations and that the Report's conclusion to the contrary is erroneous (Objections, ECF No. 65, PageID 1079-84). Actually, there is no such recommendation in the pending Report. Rather, the Magistrate Judge recommended against a finding of equitable tolling in the pre-judgment Report and Recommendations (ECF No. 35, PageID 960). That a recommendation was already accepted by the District Court and the Sixth Circuit found that conclusion was not debatable among jurists of reason (ECF No. 36, 61). Thus the law of the case also precludes rearguing the equitable tolling issue.

**Conclusion**

Petitioner has not shown entitlement to relief from judgment. His Motion seeking that relief should therefore be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 22, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).