# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DERRICK L. JOHNSON,

            Petitioner,         :      Case No. 3:15-cv-090

    - vs -                       District Judge Walter H. Rice
                                      Magistrate Judge Michael R. Merz

CHARLES BRADLEY, Warden,
 Pickaway Correctional Institution,

                                      :

           Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case is before the Magistrate Judge on recomittal from Judge Rice (ECF No. 72) to address the issues raised by Petitioner's Objections (ECF No. 71) to the Magistrate Judge's Supplemental Report and Recommendations (ECF No. 67) recommending denial of Petitioner's Motion for Relief from Judgment (ECF No. 62).

On October 2, 2017, District Judge Rice adopted the Magistrate Judge's recommendation to dismiss this case as barred by the statute of limitations (ECF No. 36, adopting ECF No. 35). Petitioner moved to vacate that judgment on grounds the Report embodying the recommendation had not been properly served on Him (ECF No. 40). The Magistrate Judge recommended that motion be denied and Judge Rice adopted that recommendation (ECF No. 52). Petitioner appealed and sought a certificate of appealability from this Court which was denied (ECF No. 60). Petitioner then sought a certificate of appealability from the Sixth Circuit. Having

1

considered that question de novo[1], the Sixth Circuit denied a certificate. *Johnson v. Warden,* Case No. 19-3007 (6th Cir. May 23, 2018)(unpublished order; copy at ECF No. 61).

Petitioner's Motion for Relief from Judgment, followed on August 8, 2018 (ECF No. 62). He claims this Court made a mistake in calculation of the statute of limitations which could be remedied under Fed. R. Civ. P. 60(b)(1). The Magistrate Judge agreed that sort of mistake was cognizable under Fed. R. Civ. P. 60(b)(1) and that Johnson's Motion under that Rule was timely under Fed. R. Civ. P. 60(c)(Report, ECF No. 63, PageID 1061).

However, the Report recommended denying Petitioner's Rule 60(b)(1) motion because there was no mistake in the calculation of the statute of limitations. Johnson had relied on his filing of a Second New Trial Motion in the Montgomery County Court of Common Pleas, but the Magistrate Judge concluded this was a collateral attack on the criminal judgment which did not restart the statute of limitations. *Id.* at PageID 1062-63.

Alternatively, Johnson relied on 28 U.S.C. § 2244(d)(1)(D), asserting he filed his Petition within one year of discovering the factual predicate for the claim, to wit, Ralph Allen's testimony at the sentencing hearing of co-defendant Keith Dewitt in this Court in April 2003. Johnson had presented that theory to the Sixth Circuit in his motion for a certificate of appealability and the circuit court rejected it. Relying on the law of the case doctrine, the Magistrate Judge concluded Petitioner could not rely on that argument in his Motion for Relief from Judgment and recommended denying the Motion for Relief. *Id.* at PageID 1063-65.

Johnson objected (ECF No. 65), Judge Rice recommitted the matter (ECF No. 66), and the Magistrate Judge filed a Supplemental Report and Recommendations again recommending denial of the Motion (ECF No. 67, PageID 1092). The case is now before the Magistrate Judge

---

[1] Circuit court consideration of a motion for certificate of appealability is de novo; a district court's denial of a certificate is not appealable, but the motion can be renewed in the circuit court, as Petitioner did here.

for reconsideration on Johnson's latest set of Objections (ECF No. 71).

**First Objection**

Johnson first objects to the Magistrate Judge's reliance on law of the case doctrine because he says what he sought to appeal and was denied a certificate of appealability about was this Court's "December 18, 2017, Decision and Entry relating to lack of service of the September 8, 2017 Report and Recommendations (ECF No. 35) whom [sic] Judge Rice denied Petitioner's [sic] Johnson's efforts to reopen the Judgment (ECF No. 52) and denied a Certificate of Appealability (ECF No. 60)" (Objections, ECF No. 71, PageID 1098-99.)

Johnson did not appeal from this Court's judgment dismissing his Petition as untimely. Instead he filed a Motion to Vacate (ECF No. 40) and then a separate Motion to Amend or for Relief from Judgment (ECF No. 43). Only after Judge Rice denied those two Motions did Johnson file a Notice of Appeal (ECF No. 53). When he sought a certificate of appealability in this Court, he sought only to appeal on the procedural issue of whether he had been served with the Report and Recommendations of September 8, 2017 (ECF No. 55). While Judge Rice found that the Court would have had authority to correct any error in the underlying judgment on a Rule 59 motion, he also found

> He has yet to raise a single, substantive Objection to the Court's decision to dismiss his Petition as "extremely untimely." If Petitioner had raised substantive Objections to the Judgment, and the Court found it necessary to alter or amend the Judgment in order to prevent manifest injustice, the Court would have authority to do so under Rule 59(e). See *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999) (noting the circumstances under which a court may grant a Rule 59(e) motion).

(Decision and Order, ECF No. 52, PageID 1005).

Because Petitioner's Rule 59(e) motion was timely, the thirty days he had to appeal from the judgment on the merits (i.e., the judgment of October 2, 2017) did not begin to run until December 18, 2017, when Judge Rice denied the Motion to Vacate. Fed. R. App. P. 4(a)(4)(A)(iv). Therefore his Notice of Appeal, filed December 28, 2017, was timely. However, he only sought a certificate of appealability on the service of the Report issue. Likewise, he only raised that same issue when he filed for a Certificate in the Sixth Circuit (See Doc. No. 7, Case No. 18-3007).

Johnson complains that the Sixth Circuit "rejected the true nature of the application for Certificate of Appealability, and focused on Petitioner's *January 27, 2014*, Motion for leave to file delayed motion for new trial," never mentioning Johnson's "*June 19, 2015*, second motion for leave to file a delayed motion for new trial. . ." (Objections, ECF No. 71, PageID 1099).

Johnson's position ignores the fact that an appeal from a final judgment of a district court brings the whole case before the circuit court. To put it another way, a litigant who has received an adverse judgment in the district court cannot appeal just parts of the judgment and later deal with other parts. Johnson never sought from this Court or from the Sixth Circuit any certificate of appealability on the underlying question of whether his habeas Petition was timely, but that issue was before the Sixth Circuit because the Notice of Appeal put the entire case before that court. A circuit court faced with a motion for certificate of appealability must decide whether jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or that they warrant encouragement to proceed further. *Banks v.*

*Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017).

As part of its denial of a Certificate of Appealability, the Sixth Circuit concluded "Reasonable jurists could not disagree with the district court's conclusion that Johnson's 2254 petition was untimely." (ECF No. 61, PageID 1038). The Magistrate Judge's Report recommending denial of the instant Motion for Relief expressly relies on this finding as the law of the case (ECF No. 63, PageID 1063-64). The Supplemental Report, to which the current Objections are directed, makes the same express reliance (ECF No. 67, PageID 1091). Under *Slack, supra,* the Sixth Circuit had to reach the question it did and its decision is in no sense dictum.

Johnson argues law of the case should not apply here because the Sixth Circuit's opinion never mentions his June 2015 Second Motion for leave to file a delayed new trial motion. However, the Magistrate Judge's Report of September 8, 2017, notes that the Ohio Second District Court of Appeals had affirmed Judge Wiseman's denial of that motion on a finding Johnson had offered no excuse for waiting nearly eleven years after his claimed discovery of Ralph Allen's testimony to file for a new trial (Report, ECF No. 35, PageID 959-61, quoting *State v. Johnson*, 2016-Ohio-4888 ¶¶ 3 and 11 (2nd Dist. July 8, 2016)). Johnson also claimed in his Petition that he had learned of Allen's testimony at Dewitt's (the factual predicate of the Second Motion) upon the reporting of *United States v. Dewitt*, 2004 U.S. Dist. LEXIS 30523 (S.D. Ohio Jan. 20, 2004)(Report, ECF No. 35, PageID 960, citing Petition, ECF No. 5, PageID 104). It is of course true that January 2004 is more than 120 days after Johnson's verdict, so in that sense Judge Wiseman was correct in finding that the Second Motion could not have been filed within 120 days of verdict. But just because evidence is "newly-discovered" in 2004, it

5

does not retain that character for another eleven years until a habeas petition is filed.

Johnson is correct in asserting that the law of the case doctrine is not an "inexorable command," a litigant seeking to avoid it must show some error in the prior decision. Johnson has yet to show why this Court's dismissal on statute of limitations grounds is in error. The Sixth Circuit has held reasonable jurists would not disagree.

The Magistrate Judge therefore again recommends Petitioner's Motion for Relief from Judgment (ECF No. 62) should be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 21, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).