# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DERRICK L. JOHNSON,

                Petitioner,      :      Case No. 3:15-cv-090

    - vs -                              District Judge Walter H. Rice
                                         Magistrate Judge Michael R. Merz

CHARLES BRADLEY, Warden,
 Pickaway Correctional Institution,

                                     :

                Respondent.

# THIRD SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case is before the Magistrate Judge on recommittal from Judge Rice (ECF No. 80) to address the issues raised by Petitioner's Objections (ECF No. 76) to the Magistrate Judge's Second Supplemental Report and Recommendations (ECF No. 73) recommending denial of Petitioner's Motion for Relief from Judgment (ECF No. 62).

**Litigation History**

On October 2, 2017, District Judge Rice dismissed this case as barred by the statute of limitations (ECF No. 36, adopting ECF No. 35). Petitioner moved to vacate that judgment on grounds the Report embodying the recommendation had not been properly served on him (ECF No. 40). Judge Rice denied that motion (ECF No. 52). Petitioner appealed and sought a certificate of appealability from this Court which was denied (ECF No. 60). Petitioner then

1

sought a certificate of appealability from the Sixth Circuit. Having considered that question *de novo*, the Sixth Circuit also denied a certificate of appealability. *Johnson v. Warden,* Case No. 19-3007 (6th Cir. May 23, 2018)(unpublished order; copy at ECF No. 61).

Petitioner's Motion for Relief from Judgment followed on August 8, 2018 (ECF No. 62). He claims this Court made a mistake in its calculation of the statute of limitations. The Magistrate Judge recommended denying Petitioner's Rule 60(b)(1) motion because there was no mistake in the calculation of the statute of limitations. In his calculation, Johnson relied on his filing of a Second New Trial Motion in the Montgomery County Court of Common Pleas, but the Magistrate Judge concluded this was a collateral attack on the criminal judgment which did not restart the statute of limitations. (Report, ECF No. 63 at PageID 1062-63.)

Alternatively, Johnson relied on 28 U.S.C. § 2244(d)(1)(D), asserting he filed his Petition within one year of discovering the factual predicate for the claim, to wit, Ralph Allen's testimony at the sentencing hearing of co-defendant Keith Dewitt in this Court in April 2003. Johnson had presented that theory to the Sixth Circuit in his motion for a certificate of appealability and the circuit court rejected it. Relying on the law of the case doctrine, the Magistrate Judge concluded Petitioner could not prevail on that argument in his Motion for Relief from Judgment and recommended denying the Motion for Relief. *Id.* at PageID 1063-65.

Johnson objected (ECF No. 65), Judge Rice recommitted the matter (ECF No. 66), and the Magistrate Judge filed a Supplemental Report and Recommendations again recommending denial of the Motion (ECF No. 67, PageID 1092). After another recommittal (ECF No. 72), a Second Supplemental Report (ECF No. 73), and another set of Objections (ECF No. 76), Judge Rice has again recommitted the case (ECF No. 80).

# Analysis

**Attorney Non-Action as Excuse**

In his current set of Objections, Johnson attempts **for the first time[1]** in this litigation to explain why, after learning in 2004 of the factual predicate for his Petition – to wit, the testimony of Ralph Allen at the 2003 sentencing hearing of Keith Dewitt– he waited eleven years to file on that basis for a new trial in the Montgomery County Common Pleas Court. Johnson asserts:

> Petitioner was represented by Attorney Mathew R. Arntz who was retained for the sole purpose of prosecuting his Post-Conviction. (1) Attorney Arntz created impediment that prejudiced Petitioner's ability to meet AEDPA's one year statute of limitations. (2) Attorney Arntz caused Petitioner, Johnson to procedurally default structural discovery error's, pursuant to *Brady v. Maryland*, 373 U.S. 83(1963), and constitutionally ineffective assistance of trial/appellate counsel claims based on evidence (dehors) the trial record that would have established Petitioner, Johnson's actual innocence. Petitioner contends that he had very little communication with Attorney Arntz, said counsel never mentioned AEDPA's one-year statute of limitations.

(Objections, ECF No. 76, PageID 1123.) Johnson asserts Mr. Arntz was retained from January 3, 1996, through January 2001. He offers no evidence at all of any professional relationship with Mr. Arntz.

Johnson's Petition for post-conviction relief that is included in the State Court Record was filed by Johnson *pro se* on July 27, 2005, four and one-half years after he asserts his professional relationship with Mr. Arntz ended (ECF No. 27, PageID 330). Judge Jack Davis dismissed the Petition not because it was untimely, but because the issues it raised should have

---

[1] Judge Rice noted in dismissing this case on the merits "[Johnson] has yet to raise a single, substantive Objection to the Court's decision to dismiss his Petition as 'extremely untimely.'" (ECF No. 52, PageID 1005).

been raised at sentencing and then on direct appeal. (Decision, State Court Record, ECF No. 27, PageID 335-36.) Mr. Arntz apparently had no involvement in the only post-conviction petition Johnson filed.

Even if Johnson could prove the retention of Mr. Arntz and that Arntz completely abandoned him, thereby excusing failure to file for the entire time of the professional engagement, that would not speak to the untimeliness of the Petition which this Court has found because Johnson claims to have learned of Ralph Allen's testimony in January 2004, three years after Mr. Arntz's hypothetical involvement ended.

If post-conviction counsel completely abandons a criminal defendant, that severs the agency relationship and can constitute cause for failure to appeal the denial of the petition. *Maples v. Thomas*, 565 U.S. 266 (2012). Johnson relies on *Maples* and essentially claims that because Mr. Arntz abandoned him sometime during the period between January 1996 and January 2001, he should be entitled to equitable tolling. Fist of all, he has not proven the professional relationship existed. But even if the abandonment happened, Johnson knew the relationship was over in 2001 and still did not file his petition until more than fourteen years later.

**Asserted Non-Retroactivity of the AEDPA**

Johnson argues that because his conviction became final before AEDPA was enacted on April 24, 1996, that the statute of limitations does not apply to his case (Objections, ECF No. 76, PageID 1124). Because there was no statute of limitations on habeas corpus cases before the AEDPA, the federal courts found that petitioners whose convictions became final before its

4

enactment were entitled to a full one-year grace period after the statute became effective. *Brown v. O'Dea,* 183 F.3d 572 (6th Cir. 1999). That means that for persons whose convictions became final before April 24, 1996, the statute did not expire until April 24, 1997. But Johnson's Petition was not filed until 2015, almost eighteen years later.

**Law of the Case and Other Barriers to Johnson's Motion for Relief**

Johnson objects to the Magistrate Judge's reliance on the law of the case doctrine to deny his Motion for Relief from Judgment. On reconsideration, the Magistrate Judge finds his prior analysis needs amplification.

Judge Rice dismissed the case on the merits on October 2, 2017 (ECF No. 36). The basis of that Decision was that the Petition was "extremely untimely, and that Johnson has failed to show that equitable tolling is warranted or that the 'actual innocence' exception applies. . . ." *Id.* at PageID 965. That Decision was accompanied by a final Judgment (ECF No. 37) which was entered the same day. As required by Rule 11 of the Rules Governing Habeas Corpus Cases, Judge Rice included a finding that reasonable jurists would not disagree with that conclusion and denied Johnson a certificate of appealability. (ECF No. 36 at PageID 965.)

Once judgment was entered, Johnson had thirty days to appeal to the Sixth Circuit. Fed.R.App.P. 4(a)(1). However, the time to appeal is tolled while there is a pending motion to amend the judgment under Fed. R. Civ. P. 59(e). Fed.R.App.P. 4(a)(4)(A)(iv). Johnson filed his "Motion to Vacate and Reinstate Case Due to Lack of Service of the Magistrate Judge's Report and Recommendation" on October 12, 2017 (ECF No. 40). While recommending that Motion be denied, the Magistrate Judge invited Johnson to filed a timely motion under Fed.R.Civ.P. 59(e)

5

stating any substantive objections he had to the judgment, i.e., any basis for finding the Petition was timely (ECF No. 41, PageID 974). Johnson did file a timely Fed.R.Civ.P. 59(e) motion on November 2, 2017 (ECF No. 43). However, he still presented no substantive argument about why the Petition was timely, focusing entirely on his claim about failure to serve the September 2017 Report and Recommendations. *Id.*

Judge Rice denied Johnson's Rule 59(e) Motion on December 18, 2017, again finding Johnson "has yet to raise a single, substantive Objection to the Court's decision to dismiss his Petition as 'extremely untimely.'" (ECF No. 52, PageID 1005.) This Decision and Entry re-started Johnson's appeal time and on December 28, 2017, he timely appealed from the final Decision of December 18, 2017 (Notice of Appeal, ECF No. 53). The Notice of Appeal does not include appeal from the final judgment on the merits, ECF Nos. 36 and 37.

In February 2018, Johnson filed in this Court an Application for Certificate of Appealability (ECF No. 55). The only issue on which Johnson sought a certificate of appealability was on the issue of whether he was properly served with the Report and Recommendations of September 8, 2017. Judge Rice denied a certificate, finding "any appeal of this Court's December 18, 2017, Decision and Entry, Doc. #52, would be futile because the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus was extremely untimely, and there is no basis for equitable tolling. Petitioner has not argued otherwise." (Decision, ECF No. 60, PageID 1035.)

Johnson also applied to the Sixth Circuit for a certificate of appealability. Rather than limit itself to the improper service issue, the Sixth Circuit denied a certificate of appealability on the statute of limitations issue. It found the relevant start date for the statute was "the date on which the factual predicate of the claim or claims presented could have been discovered through

the exercise of due diligence. *See* § 2244(d)(1)(D)." *Johnson v. Warden*, Case No. 18-3007 (6th Cir. May 23, 2018)(unreported; copy at ECF No. 61, quotation at PageID 1038.) The Sixth Circuit also rejected Johnson's equitable tolling and actual innocence arguments. *Id.* at PageID 1039.

Johnson then filed his instant Motion for Relief from Judgment. He sought vacation of the October 2, 2017, final judgment

> based on factual predicate of his *Brady* claims presented in his "second" Motion for leave of court to file delayed motion for new trial pursuant to Crim. Rule 33(A)(6). See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d. 215 (1963). filed June 19, 2015 in the case of State of Ohio v. Derrick L. Johnson, 91-CR-1751/1 C.A. 26795.

(ECF No. 62, PageID 1040-41.) Johnson claims that because his second motion for leave to file a delayed motion for a new trial was "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2), he is entitled to equitable tolling of the statute of limitations (Motion, ECF No. 62, PageID 1047). The heart of Johnson's argument is:

> Petitioner contends that the Magistrate Judge failed to recognize that Petitioner met the "newly discovered evidence" threshold of the State's new trial rule, that was tantamount to being properly filed under §2244(d)(2), Petitioner established entitlement to equitable tolling pursuant to §2244(d)(1)(D) based on the factual predicate of his claims pursuant to, *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L. Ed. 2d. 215 (1963).

(Motion, ECF No. 62, PageID 1047.)

Common Pleas Judge Wiseman found that Ralph Allen's federal court testimony at the sentencing of Keith Dewitt was newly-discovered for purposes of Ohio R. Crim. P. 33. That means Johnson's second new trial motion was "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). But a properly filed collateral attack in state court only tolls the statute of limitations

7

and does not restart it. Judge Wiseman held Johnson could not have discovered Allen's 2003 testimony within 120 days of verdict because it did not then exist. But that in no way excuses Johnson's eleven-year-delay in filing here. That is the point of the Magistrate Judge's reliance on law of the case doctrine: the question of whether the statute of limitations was equitably tolled was before the Sixth Circuit on Johnson's appeal and that court held, "Reasonable jurists would not disagree with the district court's conclusion that Johnson's § 2254 petition was untimely." (Order, ECF No. 61, PageID 1038.)

Johnson relies on *Willis v. Jones,* 329 Fed. App'x 7 (6th Cir. 2009), for the proposition that a habeas petitioner must be aware of the factual predicate of his claim before the statute of limitations begins to run under 28 U.S.C. § 2244(d)(1)(D). That case was on appeal from denial of a motion for relief from judgment under Fed.R.Civ.P. 60(b). Both the State of Michigan and the district court defended the district court's prior decision on the merits, "rather than on the normal procedural bars that forbid reexamining final judgments." *Id.* at *9.

The Magistrate Judge accepts *Willis* for the proposition for which Johnson cites it, but notes that proposition has already been applied in this case: Johnson knew of the falseness of Ralph Allen's testimony when it was given at trial and he learned of Allen's recantation in 2004 when he read about it in the report of Keith Dewitt's sentencing.

But apart from accepting that proposition from *Willis*, this Court should stand by its prior decision that the Petition was untimely, not by recalculating, but by following the Sixth Circuit's determination that no reasonable jurist would conclude otherwise. Although the lower court in *Willis* did not do that, it is a path completely open to this Court. After he filed his Petition in this Court, Johnson sought and received a stay so he could exhaust his motion before Judge Wiseman. The Court granted that stay (ECF No. 9) and considered the results of that litigation

8

(ECF No. 16). The records of the litigation before Judge Wiseman were before this Court when it denied relief and were also before the Sixth Circuit when it denied a certificate of appealability, even though it did not expressly mention them. Whether the result comes from applying the law of the case doctrine or from more general principles of *res judicata*, the Sixth Circuit has decided that no reasonable jurist would find Johnson's claims not time-barred. It decided that issue when it had before it the results of Johnson's second delayed motion for new trial. A federal appellant cannot piece meal his or her issues. A claim which could have been raised but was not is forfeited.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that Petitioner's Motion for Relief from Judgment be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 23, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).