# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DERRICK L. JOHNSON,

           Petitioner,         :      Case No. 3:15-cv-090

  - vs -                      District Judge Walter Herbert Rice
                                  Magistrate Judge Michael R. Merz

JEFFREY LISATH, Warden,
Pickaway Correctional Institution,

                                  :

           Respondent.

# FOURTH SUPPLEMENTAL REPORT AND RECOMMENDATIONS

With the Court's permission (ECF No. 89), Petitioner has filed Objections (ECF No. 90) to the Magistrate Judge's Third Supplemental Report and Recommendations (ECF No. 81). District Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 91).

**Litigation History**

In 1992 Petitioner was convicted in the Common Pleas Court of Montgomery County of two counts of aggravated murder, one count of aggravated robbery, and one count of attempted aggravated murder, all counts carrying firearm specifications, and sentenced to two consecutive life sentences for the aggravated murders, ten to twenty-five years for the aggravated robbery, seven to twenty-five years for the attempted murder with all sentences to be served consecutively

1

(Petition, ECF No. 1-1, PageID 12).[1] Johnson filed his Petition in this case on March 5, 2015 (ECF No. 1). Upon initial review under Rule 4 of the Rules Governing § 2254 Cases, the Magistrate Judge recommended dismissing the case as barred by the statute of limitations in 28 U.S.C. § 2244(d)(Report and Recommendations, ECF No. 6).

On Johnson's Motion (ECF No. 8), the initial Report was withdrawn and the case held in abeyance to permit Johnson to exhaust state court remedies (ECF No. 9). On advice that that process was complete, the Magistrate Judge vacated the stay and again recommended dismissal on limitations grounds, finding that nothing that had happened in the state courts impacted the original analysis (Report, ECF No. 16). On considering Johnson's Objections on March 7, 2017, the Magistrate Judge withdrew that Report and ordered an answer from Respondent (ECF No. 24). The Warden responded with a Motion to Dismiss affirmatively asserting the bar of the statute of limitations (ECF No. 28).

On September 8, 2017, the Magistrate Judge again recommended that the case be dismissed as untimely (ECF No. 35). When the Court had received no Objections by October 2, 2017, Judge Rice adopted the Report, dismissed the Petition as untimely, and denied Johnson a certificate of appealability and leave to appeal *in forma pauperis* (ECF No. 36). Johnson moved to vacate the judgment, claiming he had not been served with the Report (ECF No. 40). After a number of additional filings, Judge Rice resolved that issue and denied Johnson's Motion to Vacate (Decision, ECF No. 52).

---

[1] Johnson was also convicted of firearm specifications which were merged at sentencing under Ohio Revised Code § 2941.25. Johnson does not report what sentence was imposed for the specifications, but the usual sentence for that is three years consecutive.

On December 28, 2017, Johnson appealed to the Sixth Circuit (Notice of Appeal, ECF No. 53), Just as this Court had done, the Sixth Circuit denied Johnson a certificate of appealability. *Johnson v. Warden,* Case No. 18-3007 (6th Cir. May 23, 2018)(unreported; copy at ECF No. 61).

Undeterred by this decision of the circuit court, Johnson filed a new Motion to for Relief from Judgment on August 8, 2018 (ECF No. 62). The Magistrate Judge has now four times recommended denying that Motion (Report and Recommendations, ECF No. 63; Supplemental Report and Recommendations, ECF No. 67; Second Supplemental Report and Recommendations, ECF No. 73; Third Supplemental Report and Recommendations, ECF No. 81). Although the Third Supplemental Report was initially adopted (ECF No. 82), Judge Rice later vacated that adoption to allow Johnson a further opportunity to object (ECF No. 89). He has now done so[2] (ECF No. 90).

## Analysis

Although Johnson's Objections are lengthy, at their core is his disagreement that the law of the case doctrine governs the instant Motion.

This Court dismissed Johnson's habeas Petition on October 2, 2017, concluding it was untimely and delay was not excused by equitable tolling or actual innocence (ECF No. 36, PageID

---

[2] Judge Rice set a deadline of April 15, 2019, for filing the Objections (ECF No. 89, PageID 1174). Johnson avers, albeit not under penalty of perjury, that he deposited the Objections in the prison mail system on April 12, 2019 (ECF No. 90, PageID 1189). The Objections are in fact postmarked April 17, 2019 (PageID 1193). Given the numerous disputes in this case over whether Johnson has timely filed various papers, the Magistrate Judge concludes it is not in the interest of judicial economy to attempt to resolve when Johnson actually deposited the Objections.

965). Johnson never appealed that judgment. Instead, he filed a motion under Fed.R.Civ.P. 59(e) to amend the judgment[3] (ECF No. 43). Filing this motion extended his time to appeal the judgment until the motion was decided. Fed. R. App. P. 4(a)(4)(A)(iv). That decision occurred December 18, 2017 (ECF No. 52) and Johnson timely filed his Notice of Appeal (ECF No. 53).[4]

As noted above, the Sixth Circuit denied Johnson a certificate of appealability. In doing so, it considered not just the issue of whether the Magistrate Judge had properly served his September 2017 Report, but the entire case, including the question of whether the Petition was timely. It held:

> Reasonable jurists could not disagree with the district court's conclusion that Johnson's § 2254 petition was untimely. A one-year limitations period applies to federal habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1); *Holbrook v. Curtin,* 833 F.3d 612, 615(6th Cir. 2016), cert. denied, 137 S.Ct. 1436 (2017). This limitations period runs from the latest of four dates—for Johnson, the relevant one is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." See § 2244(d)(1)(D).
>
> Johnson did not comply with the § 2244(d) statute of limitations for filing his § 2254 petition. Johnson maintains that all of the claims in his habeas petition are based on newly discovered evidence. At Johnson's trial, the victim of the attempted murder, Ralph Allen, denied any involvement in drug dealing at the time of the home invasion that resulted in the robbery, murders, and Allen's attempted murder. However, in subsequent federal court proceedings involving Johnson's co-defendant, Keith DeWitt, Allen admitted his participation in drug dealing from the house at the time of the invasion. Johnson acknowledges that he became aware of Allen's admission of prior false testimony when the district court published

---

[3] A timely motion under 59(e) extends the time to appeal until that motion is decided. A 59(e) motion must be filed within twenty-eight days of the judgment in question, a period the Court has no authority to extend. Johnson's 59(e) motion was received and docketed by the Clerk on November 2, 2017, 31 days after judgment (ECF No. 43). Johnson's 59(e) motion does not contain a declaration of when it was deposited in the prison mail system, but does contain a certificate that it was served on the Attorney General by mail on October 23, 2017. The envelope containing the postmark on this filing has not been preserved by the Clerk.

[4] Purportedly signed December 22, 2017; postmarked December 26, 2017; docketed December 28, 2017.

> its 2004 decision in the DeWitt case. See *United States v. DeWitt*, No. 3:98-cr-00081 (S.D. Ohio Jan. 20, 2004). Despite this knowledge, Johnson waited until 2015 to file his § 2254 petition, and he offers no reason for this extensive delay.
>
> Although he did not timely file his § 2254 petition, Johnson argues that the district court should have equitably tolled the applicable limitations period. The § 2244(d)(1) statute of limitations is not a jurisdictional bar and, therefore, is subject to equitable tolling where a habeas petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). This court applies equitable tolling sparingly, and Johnson bears the burden of proving that he is entitled to it. See *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). Johnson has not met this burden. He presents no argument that he has been pursuing his rights diligently or that an extraordinary circumstance prevented his timely filing.
>
> Johnson lastly argues that he is entitled to equitable tolling of the limitations period because he is actually innocent of his convictions. If proven, actual innocence may provide a basis for applying equitable tolling. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). While Johnson relies on Allen's changed testimony, it clearly does not demonstrate Johnson's actual innocence. Allen was a key witness against Johnson, and his admission of drug dealing during the DeWitt proceedings casts some doubt on his credibility. However, it does not rise to the level of establishing that no reasonable juror would have found Johnson guilty if they had been aware of Allen's new testimony.
>
> Accordingly, we DENY Johnson's COA application.

*Johnson v. Warden, supra* (ECF No. 61, PageID 1038-39).

This Order from the Sixth Circuit establishes the law of this case. That court has held denial of a certificate of appealability becomes the law of the case, binding in subsequent stages of the litigation. *Dillingham v. Jenkins*, Case No. 17-3813 (6th Cir. Nov. 8, 2017)(unreported; copy at ECF No. 65 in 3:13-cv-468), citing *Moore v. Mitchell,* 848 F.3d 774, 776 (6th Cir. 2017).

The Magistrate Judge has repeatedly recommended that Johnson's instant 60(b) motion be denied on the basis of the law of the case doctrine and the specific law stated in the Sixth Circuit's

5

denial of a certificate of appealability just quoted.

Johnson objects to application of the law of the case. He first argues that the Magistrate Judge "continues to misdirect this Court to believe that Petitioner's June 19, 2015, 'second' Motion for leave for new trial was before the Sixth Circuit Court of Appeals." (Objections, ECF No. 90, PageID 1177.) But the second motion for new trial was before the Sixth Circuit. It was before this Court and its relevance was expressly discussed on the September 8, 2017, Report and Recommendations (ECF No. 35, PageID 960-61). It was thus dealt with when the Court entered judgment on October 2, 2017, adopting that Report (ECF No. 36, 37).

When Johnson appealed on December 28, 2017, he purported to raise as issues only the denial of his Motion to Vacate under Rule 59(e)(Notice of Appeal, ECF No. 53). While he was entitled to appeal at that time on that basis, it was the only time he could take an appeal on the merits, i.e., from this Court's dismissal of the Petition as untimely. That judgment was entered on October 2, 2017, and the time to appeal would have expired November 1, 2017, unless Johnson filed his 59(e) motion. As noted above, that extended his time to appeal the Judgment until the 59(e) motion was decided. Johnson appears to have believed that he could just appeal a portion of the case, but federal appellate law does not permit an appellant to split issues in that way. Put another way, Johnson had to appeal the whole case on December 28, 2017, or lose any right to appeal from the October 2, 2017, final judgment.

Filing a notice of appeal divests the District Court of jurisdiction over a case and vests jurisdiction in the Circuit Court of Appeals until the district court receives the mandate of the court of appeals. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 379 (1985), citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)(*per curiam*); *Pickens v. Howes,* 549 F.3d 377, 381 (6th Cir. 2008); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir.

1993); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir. 1981). The Sixth Circuit clearly understood it had the entire case before it; the first sentence of its denial of a certificate of appealability reads that Johnson "appeals from the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254." (ECF No. 61, PageID 1037.) And it clearly held that reasonable jurists would not disagree that the Petition was untimely.

Johnson argues the law of the case doctrine should not apply here, citing *Berrigan v. Sigler,* 499 F.2d 514 (D.C. Cir. 1974); *Belbacha v. Bush*, 520 F.3d 458 (D.C. Cir. 2008); and *Terrell v. Household Goods Consumer Bureau*, 494 F.2d 16 (5th Cir. 1974).

The first of these cases involved a request by Fathers Phillip and Daniel Berrigan, then on federal parole for anti-war activities, to travel to Hanoi during the course of the Vietnam War. In the course of the opinion, the court held that "[t]he decision of a trial or appellate court whether to grant or deny a preliminary injunction does not constitute the law of the case for the purposes of further proceedings and does not limit or preclude the parties from litigating the merits." *Id.* at 518. The same would be even truer of temporary restraining order decisions. *Id.* The *Belbacha* court reached the same conclusion. In *Terrell* the Fifth Circuit concluded that a prior *en banc* decision of that court was binding as the law of the case on remand to the trial court.

These holdings are completely consistent with this Court's understanding of the law of the case doctrine. Decisions on preliminary injunctive relief motions are not binding law of the case because they are not final judgments, but temporary measures to preserve the status quo until a final decision is reached. Neither this Court's judgment dismissing the Petition as untimely nor the Sixth Circuit's denial of a certificate of appealability from that judgment was a decision on a preliminary injunction. Instead, it reviewed a final judgment.

7

All of the facts and circumstances recited in Johnson's current Objections were placed before this Court before it entered final judgment dismissing the Petition as untimely. If this Court was in error in calculating the statute of limitations based on those facts, Johnson had an opportunity to bring any and all of them to the attention of the Sixth Circuit when he appealed. With the entire case before it, the Sixth Circuit decided that no reasonable jurist would find the Petition to be timely.

In explaining the rationale and reach of the law of the case doctrine in the *Terrell* case relied on by Johnson, the Fifth Circuit wrote:

> As we have noted before,
>
>> [T]he "law of the case" rule is based on the salutary and sound public policy that litigation should come to an end. It is predicated on the premise that . . . it would be impossible for an appellate court "to perform its duties satisfactorily and efficiently" and expeditiously "if a question, once considered and decided by it[,] were to be litigated anew in the same case upon any and every subsequent appeal" thereof.
>
> *White v. Murtha*, 5 Cir. 1967, 377 F.2d 428, 431.
>
> The reach of the law of the case doctrine is not limitless. The better view, for example, is that even when applicable, the doctrine does not carry the same consequences as the rule of res judicata. *See* 1B Moore's Federal Practice para. 0.404[1] at 405-06 (2d ed. 1974). Thus the law of the case rule applies only to issues that were decided, and "does not include determination of all questions which were within the issues of the case and which, therefore, might have been decided." *Id.* at para. 0.404[10], p. 572, quoting from *Connett v. City of Jerseyville*, 7 Cir. 1940, 110 F.2d 1015, 1028. Nevertheless, the doctrine does mean that the duty of a lower court to follow what has been decided at an earlier stage of the case comprehends things decided by necessary implication as well as those decided explicitly. *Id.* at 573.

494 F.2d at 19. The issue the instant Motion presents – whether the Court erred in calculating the statute of limitations – was before the Sixth Circuit on appeal and no error was found. That

decision is binding on both this Court and Johnson.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the instant Motion for Relief from Judgment be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 24, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).