IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DERRICK L. JOHNSON,

    Petitioner,

v.

JEFFREY LISATH, Warden,
Pickaway Correctional
Institution,

    Respondent.

:
:
:
:
:

Case No. 3:15-cv-90

JUDGE WALTER H. RICE

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S FOURTH SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #93); OVERRULING PETITIONER'S OBJECTIONS THERETO (DOC. #96); OVERRULING MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO CIVIL RULE 60(b)(1) (DOC. #62); DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; CASE TO REMAIN TERMINATED ON DOCKET

---

This matter is currently before the Court on United States Magistrate Judge Michael R. Merz's Fourth Supplemental Report and Recommendations, Doc. #93, in which he recommends that the Court overrule Petitioner's Motion for Relief from Judgment, Doc. #62, and deny a certificate of appealability and leave to appeal *in forma pauperis.* Petitioner has filed timely Objections to the Fourth Supplemental Report and Recommendations, Doc. #96.

The procedural history of Petitioner's Motion for Relief from Judgment is set forth in the Fourth Supplemental Report and Recommendations. Magistrate Judge

Merz contends that Petitioner's Motion for Relief from Judgment, Doc. #62, should be overruled based on the law-of-the-case doctrine.

As Magistrate Judge Merz noted, in denying Petitioner a certificate of appealability, the Sixth Circuit considered the entire case and found that "[r]easonable jurists could not disagree with the district court's conclusion that Johnson's § 2254 petition was untimely." Under 28 U.S.C. § 2244(d)(1)(D), the limitations period began to run when the factual predicate of the claims presented could have been discovered through the exercise of due diligence. The Court noted that Johnson became aware of his "newly discovered evidence" in 2004 yet waited until 2015 to file his § 2254 petition. It also found that he had failed to establish a basis for equitable tolling. Doc. #61, PageID##1037-39.

In his Objections, Doc. #96, Petitioner continues to argue that the law-of-the-case doctrine should not apply because the Sixth Circuit did not expressly address his June 19, 2015, "second" motion for leave to file a delayed motion for a new trial which was based on "additional newly discovered evidence." The Court overrules Petitioner's Objections.

Magistrate Judge Merz expressly discussed the relevance of Petitioner's "second" motion for a new trial to the statute-of-limitations issue in the September 8, 2017, Report and Recommendations, Doc. #35, PageID##960-61, which was adopted by the undersigned, Doc. #36. Final Judgment was entered on October 2, 2017, Doc. #37. Petitioner moved to vacate the judgment based on lack of service, Doc. #40, and filed a Motion to Amend, or in the Alternative, for Relief

2

from Judgment, Doc. #43. On December 18, 2017, the Court overruled both motions. Doc. #52. Petitioner appealed that decision. Doc. #53.

Magistrate Judge Merz noted that Petitioner is not entitled to piecemeal appeals. The Sixth Circuit had the entire case before it, including Magistrate Judge Merz's discussion of the effect of the "second" motion for a new trial on the statute-of-limitations issue, and determined that the district court properly dismissed his petition for a writ of habeas corpus as untimely. To the extent that Petitioner believes that the Court erred in calculating the statute of limitations under 28 U.S.C. § 2244(d)(1)(D), he should have raised that issue on appeal. Given that the Sixth Circuit has already determined that the petition was untimely, the law-of-the-case doctrine bars Petitioner's claims.[1]

For the reasons set forth above, the Court OVERRULES Petitioner's Objections, Doc. #96, to the Fourth Supplemental Report and Recommendations, Doc. #93, and ADOPTS said judicial filing in its entirety. The Court OVERRULES Petitioner's Motion for Relief from Judgment Pursuant to Civil Rule 60(b)(1), Doc. #62.

Judgment shall be entered in favor of Respondent and against Petitioner.

---

[1] The law-of-the-case doctrine is discretionary, allowing the court to depart from a prior holding "if convinced that it is clearly erroneous and would work a manifest injustice." *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983). In this case, for the reasons set forth by Magistrate Judge Merz, the Court finds that adherence to the law-of-the-case doctrine is warranted.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

The captioned case shall remain terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: June 17, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE